865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felton Eugene KENNEDY, Defendant-Appellant.
 No. 88-1105.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1989.
 
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Defendant Felton Kennedy appeals his guilty plea to the charge of conspiracy to possess with intent to distribute and to distribute controlled substances. He claims that his guilty plea should be set aside on two grounds. First, defendant argues that the district court failed to establish a factual basis for the guilty plea and therefore failed to comply with Fed.R.Crim.P. 11(f). Second, he claims that the district court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing.
 
 
 2
 Defendant Kennedy was charged under Count I of a thirty-four count indictment charging a total of thirty-seven defendants. Count I alleged a conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. Secs. 846 and 841(a)(1). The specific factual allegations of the indictment with reference to defendant were that on several occasions, when called by pharmacies, he posed as Dr. Glen Chambers to verify prescriptions which had been illegally issued by his co-defendants. During his plea hearing, defendant admitted that he posed as Dr. Chambers to verify prescriptions. At his sentencing hearing, defendant orally moved to withdraw his plea of guilty, pursuant to Fed.R.Crim.P. 32(d), stating as the reason for his motion his innocence to the crime charged.
 
 
 3
 It is the assertion of defendant Kennedy, in seeking to set aside his earlier plea of guilty, that while he admitted that he was indeed guilty of posing as one Dr. Glen Chambers in verifying alleged prescriptions which had been supposedly issued by his co-defendants, he did so without knowledge that such doctor did not exist in fact and without knowledge that his co-defendants were engaged in an illegal conspiracy to possess with intent to distribute and to distribute controlled substances. While admitting in very generalized terms that he did know that a conspiracy existed and that the existence of such a conspiracy was an element of the crime to which he pleaded, Kennedy later asserted that he was unaware of this at the time he verified the prescriptions, and that it was only after he had been arrested that he became aware of the fact that the other defendants were so engaged and that there was no such person as Dr. Glen Chambers.
 
 
 4
 An overly grudging view of Kennedy's statements at the time of plea might arguably support such a position, but a realistic view of his testimony read in its entirety and in light of all of the circumstances which were then properly before the district judge, satisfies us that Kennedy did indeed know of the existence of the conspiracy, that he knew of its existence at the time he posed as Dr. Chambers, and that, whether he did or did not know that Chambers was a fictitious person, he had to know and did in fact know that he was furthering the illegal objectives of the conspiracy by verifying the prescriptions. Kennedy possessed a four-year college education, was 51 years of age, and was a teacher of students in the nursing arts. He had the benefit of intelligent counsel who thoroughly apprised him of the elements of the offense to which he ultimately pleaded guilty, and this included an explanation of the conspiracy charge. The district judge also thoroughly explained the elements of the offense to Kennedy, and Kennedy's admissions at the hearing included the acknowledgment "that I was a conspirator and that I knew a conspiracy was going on."
 
 
 5
 Kennedy's explanation that he obtained such knowledge only after he committed the acts in question is not convincing and comes only as a post hoc rationalization in view of the extensive colloquy which he had with the district judge at the time that the plea was taken. Defendants Denise Ray and Michelle Ferguson owned (together with defendant George Ray) the Physicians Comprehensive Health Center at 14540 Grand River, Detroit, Michigan. Denise Ray permitted Kennedy, rent-free, to operate the Rex Study Group (a study group for nurses) in PCHC space, in exchange for his involvement in the illegal activity of pretending to be Dr. Chambers. Cathy Moore acted as secretary and receptionist for the Rex Study Group/Physician's Comprehensive Health Center; and either Cathy Moore or Denise Ray would ask Kennedy to answer telephone calls of pharmacists to verify prescriptions. Kennedy knew that if a clinic was being established by Ray and Ferguson at some time in the future, it had not as yet been established when he was asked to perform these acts, and in fact he acknowledged that at such time all that those co-conspirators possessed was a desk and a telephone with no clinic and no patients. He also knew that Dilaudid 4 was a dangerous drug which was not used in substance abuse programs. All of these circumstances, taken with defendant's repeated assertions of his desire to plead guilty, were fully adequate to provide a factual basis for the plea of guilty and to render it a reliable basis for his conviction upon that plea.
 
 
 6
 Furthermore, since the plea was voluntary and adequately supported by the record, it was not an abuse of discretion for the district court to have denied defendant's motion to withdraw made only after the remaining co-defendants had been obliged to go to trial.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable William K. Thomas, Senior Judge, United States District Court for the Northern District of Ohio, sitting by designation